# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TREMAINE MANLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:25-cv-03099 |
| FIRST TEXAS AUTO CREDIT, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT'S MOTION TO DISMISS AND SUPPORTING BRIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant First Texas Auto Credit, Inc. ("Defendant") moves to dismiss Plaintiff Tremaine Manley's ("Plaintiff's") claims, or alternatively, for more definite statement.

1. Defendant moves the Court to dismiss this lawsuit pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE because Plaintiff failed to state a claim upon which relief can be granted. Alternatively, Defendant moves the Court to require Plaintiff to plead a more definite statement of his claims and supporting facts pursuant to Rule 12(e).

## BACKGROUND / THE COMPLAINT

2. Plaintiff, *pro se* herein, contests Defendant's handling of a loan matter, in which Plaintiff is neither a borrower nor an obligor.[1] Pl.'s Compl. at ¶ 11. Defendant is a Dallas-area financial institution whose primary business is the provision of credit, or retail financing opportunities, to car-buyers.

3. Defendant denies it is a "debt collector," within the meaning of the FDCPA.

---

[1] Confusingly, Plaintiff alleges he was "formerly associated" with someone named Toisha Daniel. He further alleges "the relationship ended over nine months ago." He further alleges he "has no financial responsibility for her debts and has had no contact with her since the separation." *See* Pl.'s Compl. at ¶ 11.

4.      Plaintiff summarily alleges Defendant violated both the Fair Debt Collection Practices Act (the "FDCPA") and the Telephone Consumer Protection Act (the "TCPA") and is further liable to Plaintiff for intrusion upon seclusion and intentional infliction of emotional distress. *Id.* at ¶¶ 15 – 22.

5.      Plaintiff failed to plead or otherwise specify *any* facts that would support his statutory or common law claims; accordingly, for the reasons set forth herein, those claims should be dismissed.

## LEGAL AUTHORITIES & ARGUMENT

6.      Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE requires a "plain statement of the claim showing the pleader is entitled to relief." Failure to do so mandates dismissal under Rule 12(b)(6). Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes dismissal for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

7.      In reviewing a pleading challenged under Rule 12(b)(6), the plaintiff's allegations in a complaint are to be construed in the light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

8.      Even *pro se* litigants must go beyond alleging mere conclusory statements. Sufficient facts must be pleaded to state a claim for relief that is facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The allegations must establish more than a "sheer

possibility" that a defendant acted unlawfully. *Id.* Plaintiff's threadbare legal conclusions do not go beyond the sheer possibility a claim exists; put differently, Plaintiff does not allege any facts that Defendant violated any law.

9. Plaintiff contends Defendant violated multiple aspects of the FDCPA. Pl.'s Compl. at ¶¶ 15 and 16. Plaintiff does not, however, allege facts showing that Defendant's collection of whatever loan is the subject of Plaintiff's lawsuit violated the FDCPA. For example, Plaintiff does not allege: (1) a description of and/or the nature of the debt / loan made the subject of his lawsuit, (2) his connection to the borrower / obligor or the underlying debt, (3) how or why the FDCPA applies to anything Defendant did, or did not, do relative to such loan, (4) any facts that would support the conclusion Defendant is or was a "debt collector" within the meaning of the FDCPA, and (5) what Defendant did, or did not do, that violated the statute.

10. Though Plaintiff cites, in conclusory fashion, certain legal provisions from the FDCPA, he does not identify *any* facts showing how Defendant purportedly violated those provisions. Plaintiff's FDCPA claims should therefore be dismissed because he offers nothing more than a formulaic recitation of portions of the statute coupled with naked assertions devoid of further factual enhancement. *See Bell Atl. v. Twombly*, 550 U.S. 555, 557 (2007).

11. Plaintiff's assertion of other statutory or common law causes of action against Defendant likewise fail (for the same reasons). First, Plaintiff's TCPA claim lacks necessary factual support; regarding this statutory claim, Plaintiff alleges "Defendant used an automatic telephone dialing system and/or prerecorded messages without consent, in violation of the TCPA." Pl.'s Compl. at ¶ 17. This statement is so quintessentially conclusory, it is not a factual allegation at all; rather, it is a mere recital of portions of the statutory elements necessary to maintain an action under the TCPA.

12. To maintain an action under the TCPA, *at a minimum*, Plaintiff must identify the number of calls he received, the phone numbers, the dates and time he received calls, and the frequency of the calls. *See Wass v. Amerigroup Texas, Inc.*, 2020 WL 4464361, at \*2 (N.D.Tex., 2020) (holding the plaintiff's failure to provide information about the dates of the calls and failure to provide factual detail supporting the automatic telephone dialer allegations warranted dismissal). Plaintiff's live pleading does not include this information. Rather, Plaintiff's standing to bring or maintain this action apparently depends on unsubstantiated communications to third-parties, where Plaintiff's allegations lack any essential factual detail about the date, time, and frequency of the purported calls.

13. Finally, Plaintiff asserts – once again, in summary fashion – common law claims for intrusion upon seclusion and intentional infliction of emotional distress. Pl.'s Compl. at ¶¶ 20 – 22. Assuming the Court has supplemental jurisdiction over those claims, they too should be dismissed. Plaintiff failed to set forth facts addressing the elements of either / both of these claims.

14. If Plaintiff's claims are not dismissed, in the alternative, Defendant requests the Court to order Plaintiff to plead with more specificity in accordance with Rule 12(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

## **<u>CONCLUSION</u>**

In sum, Plaintiff has failed to state a claim under any statutory or common law theory of recovery. Defendant therefore requests this Motion be granted, Plaintiff's claims be dismissed, and for all and such further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

      */s/ Derek D. Rollins*
Derek D. Rollins
State Bar No. 24029803
S. Dist. Bar No. 32108
SHACKELFORD, MCKINLEY & NORTON, LLP
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
Telephone: 214.780.1400
Facsimile: 214.780.1401
drollins@shackelford.law

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, a true and correct copy of the foregoing Defendant's Motion to Dismiss and Supporting Brief has been served via the U.S. District Court's ECF system on the following:

Tremaine Manley
*Pro Se*
3019 Poe Rd.
Houston, Texas 77051
Proselegalteamlawsuit@gmail.com
*Plaintiff*

      */s/ Derek D. Rollins*
Derek D. Rollins