United States Courts
Southern District of Texas
FILED

*August 22, 2025*

Nathan Ochsner, Clerk of Court

**Tremaine Manley**
Plaintiff

**Vs**

**FIRST TEXAS AUTO CREDIT, INC.,**
Defendant

§
§
§
§
§
§
§
§
§
§
§

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

**Civil Action No. 4:25-cv-03099**

# FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Tremaine Manley files this First Amended Complaint against Defendant First Texas Auto Credit, Inc., and alleges as follows:

## I. INTRODUCTION

This is an action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and related Texas common law claims, including intrusion upon seclusion and intentional infliction of emotional distress.

Defendant harassed Plaintiff through repeated robocalls and live calls for over a year, despite Plaintiff not being the borrower, informing Defendant of the mistake, and demanding all contact cease. Defendant even placed calls to third parties. Plaintiff's number was on the National Do Not Call Registry since 2018. Plaintiff now seeks damages and injunctive relief.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 47 U.S.C. § 227 (TCPA), and 15 U.S.C. § 1692 (FDCPA). Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related Texas tort claims.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the events occurred in Harris County, Texas.

## III. PARTIES

**Plaintiff:** Tremaine Manley is a natural person residing at 3019 Poe Rd, Houston, TX 77051.

**Defendant:** First Texas Auto Credit, Inc. is a Texas corporation with a principal address at 635 Fritz Dr., Suite 210, Coppell, TX 75019. It may be served through registered agent John C. Shackelford, 9201 N. Central Expressway, 4th Floor, Dallas, TX 75231.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff has never been a customer, cosigner, or debtor with Defendant.

2. Calls from Defendant began in March 2023 regarding a loan allegedly involving Toisha Daniel.

3. On the first call, Plaintiff stated he was not the borrower and requested no further contact.

4. Calls continued from several numbers: (469) 637-0100, (469) 637-0150, (469) 213-3170.

5. Voicemails were left; some calls used automated/prerecorded voices.

6. Plaintiff's phone number was on the **National Do Not Call Registry** since **December 19, 2018.**

7. Plaintiff informed Defendant during one of the first calls that his number was on the Do Not Call Registry.

8. Despite this, calls continued repeatedly over the following year.

9. Calls occurred on March 14, May 16, May 19, June 19, July 22, and more.

10. Some calls lasted over five minutes, confirming live agent use.

11. Agents often failed to identify themselves or the company they worked for.

12. Plaintiff explicitly revoked any potential consent multiple times.

13. Defendant continued calling even after revocation.

14. Plaintiff repeatedly said he was not the person sought.

15. Defendant's calls extended to third parties without permission.

16. These unwanted calls disrupted Plaintiff's personal and business life.

17. Plaintiff became anxious and reluctant to answer unknown numbers.

18. The calls triggered emotional stress, sleep loss, and humiliation.

19. The volume, frequency, and tone of the calls confirm intent to harass.

20. Defendant never verified Plaintiff's identity before continuing calls.

21. Plaintiff had no business, financial, or legal relationship with Defendant.

22. Defendant failed to ensure accuracy before targeting Plaintiff.

23. Plaintiff will supplement this Complaint with detailed phone records once available.

24. Defendant has not assured Plaintiff that the harassment will stop.

25. Plaintiff files this suit to hold Defendant accountable and prevent further abuse.

## V. LEGAL CLAIMS

### Count 1 – Violation of the FDCPA (15 U.S.C. §§ 1692c, 1692d, 1692e)

Defendant attempted to collect a consumer debt using conduct that violated 15 U.S.C. § 1692d (harassment), § 1692c(b) (third-party disclosures), and § 1692e (false or misleading communications).

Even if Defendant argues it is not a "debt collector," liability may attach if its principal business purpose involves debt collection or if it uses a different name when collecting. See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

Courts allow FDCPA claims even by non-debtors who are wrongly targeted. See *Dutton v. Wolhar*, 809 F. Supp. 1130 (D. Del. 1992); *Mathis v. Omnium Worldwide*, 2006 WL 1582370 (D. Neb. 2006).

### Count 2 – Violation of the TCPA (47 U.S.C. § 227)

Defendant violated 47 U.S.C. § 227(b)(1)(A) by calling Plaintiff using ATDS and/or prerecorded voices without consent.

Defendant also violated 47 C.F.R. § 64.1200(c)(2) by calling Plaintiff while his number was on the National Do Not Call Registry.

Plaintiff explicitly told Defendant his number was on the Registry. Despite this, calls continued— willfully and knowingly.

Relevant case law:

- *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011) – Upheld TCPA claims for DNC violations.
- *Mohamed v. American Motor Co.*, 320 F.R.D. 301 (S.D. Fla. 2017) – DNC violations even without ATDS.
- *Lupia v. Medicredit, Inc.*, 8 F.4th 1184 (10th Cir. 2021) – Continued calls after revocation justify treble damages.

Each call allows statutory damages of $500, or $1,500 for willful violations, under 47 U.S.C. § 227(b)(3).

## Count 3 – Intrusion Upon Seclusion (Texas Common Law)

Defendant intruded on Plaintiff's privacy by repeatedly calling despite lack of consent, using aggressive and misleading tactics.

This conduct was offensive and would be highly objectionable to a reasonable person. See *Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973).

## Count 4 – Intentional Infliction of Emotional Distress (IIED)

Defendant engaged in conduct that was intentional or reckless, extreme, and outrageous, causing Plaintiff severe emotional distress.

The constant harassment and refusal to stop calling despite Plaintiff's repeated objections exceeds the bounds of decency. See *Twyman v. Twyman*, 855 S.W.2d 619 (Tex. 1993).

## VI. DAMAGES

Plaintiff respectfully seeks:

- Statutory damages under the FDCPA ($1,000);
- Statutory damages under the TCPA ($500–$1,500 per call);
- Punitive damages for willful misconduct;
- Actual damages for emotional distress, anxiety, sleep loss, and humiliation;
- Nominal damages for privacy invasion;
- Injunctive relief to stop future calls;
- Compensation for time and resources spent responding to Defendant's harassment;
- Loss of enjoyment of life due to fear and isolation;
- Costs of litigation and any further relief the Court deems just.

## VII. PRAYER FOR RELIEF

Plaintiff requests judgment against Defendant as follows:

1. For all damages stated above;
2. Injunctive relief barring future violations;
3. Pre- and post-judgment interest;
4. Any other relief deemed just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. CERTIFICATE OF SERVICE

A true and correct copy of this Complaint was served via email on Defendant's counsel, Derek Dryden Rollins, Shackelford, Bowen, McKinley & Norton, LLP, at drollins@shackelford.law, on the date of filing.