

**Derek D. Rollins**
9201 N. Central Expressway
Fourth Floor
Dallas, Texas 75231
(214) 780-1400 (Main)
(214) 780-1401 (Fax)
drollins@shackelford.law

January 5, 2026

## LETTER REQUESTING DISCOVERY CONFERENCE

**VIA ECF**
U.S. District Judge George C. Hanks, Jr.
515 Rusk St., Room 6202
Houston, TX 77002

       Re:    Civil No. 4:25-CV-03099
                  *Tremaine Manley v. First Texas Auto Credit, Inc.*

Dear Judge Hanks:

The parties submit this joint letter request, as outlined in your court procedures. The parties conferred regarding the submission of this letter today.

<u>Defendant's Position:</u>

Manley served requests for admissions, interrogatories, and requests for production (the "Written Discovery") on FTAC on November 19, 2025. To accommodate FTAC's counsel's need to attend to a non-elective medical issue, the parties agreed the deadline to respond to the Written Discovery would be January 5, 2026. FTAC is requesting a stay of discovery for the reason FTAC has pending a motion to dismiss [Docket No. 22] that, if granted, will dispose of all Manley's claims; such dispositive motion was filed October 10, 2025, is fully-briefed, and is ripe for determination.

Rule 26(c) of the Federal Rule of Civil Procedures authorizes a discovery stay pending a dispositive motion. On good cause, the rule authorizes courts to issue orders staying discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." In this case, FTAC seeks protection from the Written Discovery for the reason answering the same would be costly, unduly burdensome, and oppressive in the event the Court grants the motion to dismiss.

Accordingly, FTAC requests a joint conference with the Court to discuss staying the Written Discovery until the motion to dismiss has been ruled upon. If the motion is granted, Manley's case will be disposed of in its entirety.

<u>Plaintiff's Position:</u> Plaintiff opposes Defendant's request to stay discovery. Plaintiff properly served written discovery on November 19, 2025, and Defendant requested and received additional time to respond. A pending motion to dismiss does not automatically stay discovery in this District, and Defendant has not demonstrated specific good cause under Rule 26(c) for halting discovery. Plaintiff seeks to proceed with discovery as required by the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**Shackelford, McKinley & Norton, LLP**
Dallas   Austin   Fort Worth   Houston   New Orleans

*Manley v. First Texas Auto Credit, Inc.*
Request for Discovery Conference
January 5, 2026
Page 2

 

Jointly submitted,

*/s/ Derek D. Rollins*
Derek D. Rollins, Counsel for Defendant


/s/ Tremaine Manley
Tremaine Manley, *Pro Se* Plaintiff