UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREMAINE MANLEY, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-03099 |
| | § | |
| FIRST TEXAS AUTO CREDIT, INC., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss.[1]  ECF 22.  Defendant

seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the

reasons discussed below, the Court recommends that Defendant's Motion be

GRANTED.

### I.    Background.

This case arises out of Defendant's alleged calls to Plaintiff regarding a loan

made to a third party.  ECF 16 at 2.  Congress enacted the Fair Debt Collection

Practices Act ("FDCPA") "to eliminate abusive debt collection practices" and

protect consumers.  15 U.S.C. § 1692(e).  The Act prohibits a variety of conduct that

Congress deemed abusive.  The FDCPA also provides for civil liability for violations

of the Act.  15 U.S.C. § 1692k.  Plaintiff brings claims against Defendant for

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act,
and Federal Rule of Civil Procedure 72.  ECF 28.

violations of 15 U.S.C. § 1692c(b) (unauthorized communication with third parties about the debt); 15 U.S.C. § 1692d (harassment and abuse); and 15 U.S.C. § 1692e (false or misleading representations).  *See* ECF 16 at 3.

Plaintiff also brings claims against Defendant for violations of the Telephone Consumer Protection Act ("TCPA").  Congress enacted the TCPA to curb "abusive telemarketing practices by . . . imposing restrictions on making calls with an 'automatic telephone dialing system.'" *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021).  The TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice . . . to any telephone number assigned to . . . a cellular telephone service."  47 U.S.C. § 227(b)(1)(A).  The statute defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers . . . using a random or sequential number generator . . . [and] to dial such numbers."  47 U.S.C. § 227(a)(1).  The TCPA also prohibits the transmission of telephone solicitations to numbers registered on the national do-not-call list.  47 U.S.C. § 227(c)(3)(F); 47 C.F.R. § 64.1200(c)(2).  Plaintiff alleges that Defendant called him using an ATDS and pre-recorded voices, even though he was on the National Do Not Call Registry (the "Registry").  ECF 16 at 3.

In addition, Plaintiff brings Texas common law tort claims for intrusion upon seclusion and intentional infliction of emotional distress.  ECF 16 at 4.

Plaintiff filed his First Amended Complaint on August 22, 2025.  ECF 16. Defendant then filed its Motion to Dismiss (ECF 22), to which Plaintiff responded. ECF 23.  Defendant did not file a reply, and the motion is ripe for consideration.

## II.     Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements, legal conclusions, or threadbare allegations. *Iqbal*, 556 U.S. at 678-79. *See also Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("But the court does not presume true a number of categories of statements, including legal conclusions;

mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement" (cleaned up)).

Pro se complaints are liberally construed, but "[e]ven so, mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).

Leave to amend should be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). "The district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

## III. Analysis.

### A. Plaintiff's FDCPA claims should be dismissed because Plaintiff fails to allege Defendant is a debt collector.

To state an FDCPA claim, a plaintiff must allege facts demonstrating: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Woodley v. Resurgent Cap. Servs., L.P.*, No. CV H-24-1587, 2024 WL 2806189, at *2 (S.D. Tex. May 31, 2024) (internal quotation marks and citation omitted). *See also Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995). Defendant moves for dismissal of the

FDCPA claims under Rule 12(b)(6), arguing Plaintiff has failed to sufficiently allege the first two elements of an FDCPA claim.[2]  ECF 22 at 3-6.

As to the first element—that Plaintiff be the subject of collection of a consumer debt—the FDCPA allows non-debtors to bring a claim for having been the target of collection activity that otherwise violates the Act.  *See Prophet v. Myers*, No. CIV.A.H-08-0492, 2009 WL 1437799, at *4 (S.D. Tex. May 21, 2009) ("The common factor among those cases in which a third-party, non-debtor is held to have standing to bring FDCPA claims is that the alleged debt collection practices were directed towards the third-party.").  Plaintiff alleges he was subject to collection activity as a non-debtor and that the purported debt was for an auto loan involving an individual.  ECF 16 at 2; ECF 23.  Considering the limitations of an alleged non-debtor, Plaintiff sufficiently alleges that he was subject to collection activity on a consumer debt.  *See* 15 U.S.C. § 1692a(3) (defining debt as an obligation arising from a transaction for "personal, family, or household purposes").

However, Plaintiff has failed to plead sufficient facts to demonstrate the second element of his claim—that the Defendant is a debt collector as defined in the FDCPA.  The FDCPA defines a debt collector as:

---

[2] Defendant also argues, based on the allegations that the calls occurred in 2023, that the FDCPA claims are barred by the one-year statute of limitations.  *See* ECF 22 at 4-5.  *See also* 15 U.S.C. § 1692k(d); ECF 16 at 2. Because plaintiff has failed to plead facts demonstrating Defendant is a debt collector as defined in the FDCPA, the Court need not address the statute of limitations argument.

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15 U.S.C. § 1692a(6). The statutory definition excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). This definition restricts liability under the FDCPA to those collecting debts on behalf of another, rather than those collecting on their own debts. *See Shaw v. Cornerstone Home Lending, Inc.*, No. CV H-25-3174, 2025 WL 2774397, at *2 (S.D. Tex. Sept. 25, 2025) (analyzing Supreme Court precedent); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

None of the facts alleged indicate Defendant is a debt collector or that it regularly engages in collection activity on behalf of others. Facts tending to show that Defendant engaged in collection activity fail to support an inference that it did so on behalf of another. *See, e.g.*, *Poullard v. Guillory*, No. 6:25-CV-00744, 2025 WL 2982600, at *3 (W.D. La. Oct. 22, 2025) (explaining plaintiff failed to state an FDCPA claim where he alleged an original creditor engaged in collection activity); *Rushing v. Exeter Fin. LLC*, No. 3:22-CV-01704-G (BT), 2022 WL 17083660, at *3 (N.D. Tex. Oct. 26, 2022) (dismissing FDCPA claim because plaintiff did not plead

that defendant was collecting a debt on behalf of another), *report and recommendation adopted,* No. 3:22-CV-1704-G-BT, 2022 WL 17084143 (N.D. Tex. Nov. 17, 2022).

### B. Plaintiff fails to state a claim under § 227(b)(1)(A).

To make out a TCPA claim under 47 U.S.C. § 277(b)(1)(A), a plaintiff must demonstrate that: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017) (cleaned up). In order to "[t]o state a plausible claim for relief . . . , a plaintiff is expected to plead sufficient facts relating to the calls [he or she] claims to have received on [his or her] own phone to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Williamson v. Irving K Motor Co. LLC*, No. 3:21-CV-1599-L-BH, 2022 WL 2053179, at *7 (N.D. Tex. June 7, 2022) (cleaned up). Relevant facts can include the amount, date, time, phone number, and contents of the calls. *Id.*

### 1. Plaintiff fails to allege use of an ATDS.

The Supreme Court has explained that to meet the statutory definition of an ATDS, equipment may either store or produce numbers to be called, but "must use a random or sequential number generator" to do so. *Duguid*, 592 U.S. at 404.

Plaintiffs and courts often rely on indirect allegations regarding the number and nature of calls to plead ATDS use. *See Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 487 n.2 (W.D. Tex. 2020).

Plaintiff pleads that Defendant repeatedly called him regarding a specific debt owed by a specific person. ECF 16 at 2-3. Plaintiff also conclusorily alleges that Defendant made the calls using an ATDS. *Id.* at 3.

Plaintiff's bare allegation of ATDS use "is insufficient to sustain a TCPA claim." *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *3–4 (N.D. Tex. Feb. 24, 2022) (internal quotation marks and citation omitted). Plaintiff's allegations that Defendant's repeated, targeted calls contained specific information—although personalized to the wrong individual—lead to the inference that an ATDS was *not* used. *See Gardner v. Navient, LLC*, No. 3:24-CV-198-S-BN, 2024 WL 3363016, at *4 (N.D. Tex. June 7, 2024), *report and recommendation adopted,* No. 3:24-CV-198-S-BN, 2024 WL 3362475 (N.D. Tex. July 9, 2024). The facts alleged by Plaintiff do not support a plausible inference that Defendant used an ATDS to make the calls. *See Suttles*, 461 F. Supp. 3d at 487 ("Allegations of directly targeting specific individuals weigh against an inference that an ATDS was used.").

### 2. Plaintiff fails to allege use of an artificial or pre-recorded voice.

"To be liable under the 'artificial or prerecorded voice' section of the TCPA, . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015) (citing 47 U.S.C. § 227). *See also Williamson*, 2022 WL 2053179, at *7–8 (explaining that the analysis turns on the specificity of the allegations, including about the timing and content of the calls); *Horton v. Palmer Admin. Servs. Inc.*, No. 3:20-CV-3526-X-BN, 2021 WL 8014654, at *9 (N.D. Tex. June 8, 2021) (finding plaintiff's allegation that calls began with beep when answered followed by "a prerecorded message claiming the factory warranty on your car has expired" allowed the court to infer that discovery may show at least some of the calls used a prerecorded voice).

Here, Plaintiff has failed to provide any facts that would indicate the use of prerecorded voices or even any details as to the content of the calls. The details he does provide draw the opposite inference: "Some calls lasted over five minutes, confirming live agent use." ECF 16 at 2.

### 3. Plaintiff fails to state a Do-Not-Call claim.

The TCPA and the accompanying Federal Communications Commission's regulations prohibit the transmission of telephone solicitations to phone numbers registered on the Federal Do-Not-Call Registry. 47 U.S.C. § 227(c)(3)(F); 47 C.F.R. § 64.1200(c)(2). *See also Callier v. Turning Point USA, Inc.*, 665 F. Supp. 3d 825,

829–30 (W.D. Tex. 2023) (explaining the regulatory mechanism). The TCPA defines a telephone solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4). To survive a motion to dismiss, plaintiffs must plead facts indicating the communications at issue were solicitations. *See Suttles,* 461 F. Supp. 3d at 482.

Plaintiff's own allegations demonstrate he cannot state a Do-Not-Call claim. Plaintiff alleges the purpose of the calls was debt collection pertaining to a third party, calls which fall squarely outside of the TCPA's definition of telephone solicitation. *See Genaw v. NCO Fin. Sys., Inc.*, No. 2:12-CV-0260-J, 2013 WL 1876792, at *2 (N.D. Tex. May 6, 2013) (dismissing claim where plaintiff alleged calls from debt collector attempting to locate third-party debtor); *Dukes v. DirecTV LLC*, No. 3:16-CV-1418-G, 2016 WL 11956532, at *2 (N.D. Tex. Nov. 7, 2016) (explaining that debt collection is not a telephone solicitation).

### C. The Court should decline to exercise jurisdiction over Plaintiff's state-law claims.

Because the FDCPA and TCPA claims should be dismissed, the Court could only adjudicate Plaintiff's state-law tort claims if it exercised supplemental jurisdiction. The general rule in the Fifth Circuit is to decline to exercise supplemental jurisdiction when the federal claims have been dismissed. *See Terry v. Inocencio*, 633 F. App'x 281, 282 n.5 (collecting cases) (5th Cir. 2016). Therefore,

10

the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss them for lack of jurisdiction. The dismissal of the claims should be without prejudice.

### D. Dismissal of the FDCPA and TCPA claims should be with prejudice.

Dismissal with prejudice is appropriate where a plaintiff has had the opportunity to plead their best case. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Hoops v. Dallas Reg'l Med. Ctr.*, No. 3:24-CV-2558-L-BK, 2025 WL 1739594, at *2 (N.D. Tex. June 24, 2025) (explaining that to plead a best case, plaintiff must be given the opportunity to cure deficiencies). Here, Plaintiff has already filed an amended complaint (ECF 16) in response to Defendant's first motion to dismiss (ECF 9), so he has had the opportunity to plead his best case. *See Tucker v. University of Texas at Arlington*, No. 4:18-CV-00596-O-BP, 2019 WL 7494446, at *3 (N.D. Tex. May 20, 2019) (dismissing with prejudice where plaintiff had opportunity to amend complaint), *report and recommendation adopted sub nom. Tucker v. Univ. of Texas at Arlington*, No. 4:18-CV-00596-P-BP, 2020 WL 85202 (N.D. Tex. Jan. 7, 2020).

### IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 22) be GRANTED. Plaintiff's FDCPA and TCPA claims should be

DISMISSED WITH PREJUDICE, and Plaintiff's state-law tort claims should be DISMISSED for lack of jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 09, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge